## O. W. Lowry v. Lee Davis, Auditor of Greene County, Appellant.

**Australian Ballot:** NOMINATIONS. Under Acts Twenty-fourth General Assembly, chapter 33, section 4, authorizing any convention representing a political party which at the last election polled two per cent. of all the votes, to make one nomination for each office, by filing a certificate of nomination; and section 5, providing that nominations for any office may be made by nomination papers signed by a certain number of voters; and section 6, providing that nomination papers shall specify the party or political principle which the candidate represents; and section 14, providing that the names of all candidates shall be printed on one ballot, all nominations of any political party or group of petitioners being placed under the party appellation or title of such party or group as designated by them in their certificate of nomination, or petitions, or, if none be designated, then under some suitable title, and the list of candidates for the several parties and groups of petitioners shall be placed in separate columns on the ballots, in such order as the authorities charged with the printing of the ballots shall decide,—though one nominated by petition, stating that his is the Republican party, file his nominating petition before the filing of a certificate of nomination of one nominated by a convention of the Republican party, he is not entitled to have his

name on the ballot in the column under the title of the Republican party, but he is entitled to have it thereon under a suitable title, to be designated by the election officers.

*Appeal from Greene District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY, FEBRUARY 8, 1897.

SEPTEMBER 6, 1895, the plaintiff filed with the auditor of Greene county, a petition signed by thirty voters, nominating him for the office of representative, stating that his was the Republican party. Afterwards, a convention of the Republican party of that county, nominated P. A. Smith, for the same office, and a proper certificate thereof was filed with the defendant, as auditor, September 24. The defendant refused to permit the plaintiffs name upon the official ballot for the following reasons: "No nominee by petition is entitled to a place on the ticket of a party which has a right to certify its nominations. It is not entitled to any other place on the ballot, since there can be but one Republican ticket on the ballot." The plaintiff then commenced this action, asking that the defendant be commanded to place his name on the official ballot, and in the same column with the Republican state ticket. Issue being joined, there was a hearing in vacation, and judgment entered directing defendant to designate some suitable title, or appellation for the petitioner, and have same printed on the official ballot, and have the name of plaintiff, as candidate for representative, printed thereunder, and not in the Republican ticket on said ballot. Defendant appeals.—*Affirmed.*

*Owen Lovejoy* for appellant.

*W. W. Turner* for appellee.

LADD, J.—The thought of plaintiff seems to have been that, by filing his nominating petition with the auditor before the certificate of nomination of Smith by the convention was filed, he would acquire the right to have his name printed on the ballot in the column under the title of the party to which both belonged. It is provided in section 14, of chapter 33, of the Acts of the Twenty-fourth General Assembly, that "the list of candidates for the several parties and groups of petitioners shall be placed in separate columns on the ballots, in such order as the authorities charged with the printing of the ballots shall decide. Each of the columns containing the list of candidates including the party appellation, shall be separated by a distinct line." Section 4, provides that "any convention of delegates, primary, caucus or meeting representing a political party which at the general election next preceding polled at least two (2) per cent. of the entire vote cast in the state or division thereof, or municipality for which the nomination is made, may for the state or division thereof, or municipality for which the convention, primary, caucus, or meeting, is held, as the case may be, by causing a certificate of nomination to be duly filed, make one such nomination for each office therein to be filled at the election." The reason for recognizing a considerable body of electors having the same political faith is apparent, and need not be discussed. More than two per cent. of the entire vote in Greene county at the next preceding election, was cast for the candidates of the Republican party, and this gave such party the privilege of making its nominations by filing proper certificates, and the right to have a list of its candidates printed in a separate column on the official ballot. The filing of the nomination papers by the plaintiff did not deprive the party of this right, as the relative

time of making nominations is not referred to in the act.

II. It is contended that as Smith's name must be printed, as candidate for representative, on the ticket of his party, the name of plaintiff, as candidate for the same office, must be excluded from the official ballot, because he is of the same party, and there can be but one Republican ticket on such ballot. Nominations of candidates for offices to be filled by the electors of a county may be made by nomination papers signed, in the aggregate, for each candidate, by not less than twenty-five qualified voters of such county. Section 5, of the act. Nomination papers shall specify "the party or political principle which he represents, expressed in not more than five words." Section 6. The nominating papers of plaintiff complied in all respects with the requirements of the law. This gave him the right to have his name printed on the official ballot, as a candidate. The mere fact that an elector affiliates with a political party, will not deprive him of rights accorded to those without party, or adhering to "strange doctrines." The defendant relies on that portion of section 14, as follows: "The names of all candidates to be voted for in each election, district or precinct, shall be printed on one ballot; all nominations of any political party or group of petitioners being placed under the party appellation or title of such party or group as designated by them in their certificates of nomination or petitions, or if none be designated, then under some suitable title." "Designate," according to the dictionary, means to call by a distinctive title; to point out by distinguishing from others. The plaintiff, in naming his party, failed to distinguish it from the appellation of a party making nominations by the filing of certificates. To place more than one ticket on the ballot under the same name would inevitably

cause confusion, and be likely to mislead voters. To avoid this difficulty, it seems to have been the intention of the legislature—though not clearly expressed —to give the election officers, in making up the ballot, authority, and make it their duty, to select a suitable title under which to print the names of petitioners using a title or appellation in their nomination papers so like that of a party recognized by the law, or that of other petitioners, as not to be readily distinguished therefrom. Such a construction gives effect to all the provisions of the act, and is conformable to reason and justice. To hold, as contended for by defendant, that a member of a recognized political party, representing its principles, may not be a candidate for office, except when nominated by certificate, would deprive the great mass of electors of the privilege accorded to comparatively few. The presumption must be indulged that it was the purpose of the legislature to grant equal privileges on the same terms to all. The judgment of the district court, as it is in harmony with this opinion, is AFFIRMED.